



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

RALD C. MANN
TTORNEY GENERAL

March 27, 1939

Mr. Fred Norris
County Auditor
Livingston, Texas

Dear Sir:

Opinion No. O-533
Re: Article 3899 does not set a
maximum amount that can be
claimed by a sheriff for ex-
pense of maintenance, deprecia-
tion and operation of automobiles.

This will acknowledge receipt of your letter
of March 22, 1939, in which you submit for an opinion
of this Department the following question:

"Our sheriff, claims as expense of
office, as follows, gas, oil, garage repairs
& depreciation on two cars in his department,
a total of $2,092.32, if I understand Art.
#3899, the maximum that can be claimed is
$1,200.00 for two cars, (owned by sheriff)
in one years"

You do not state whether the sheriff of your
county is on the fee or salary system but we have deter-
mined that since the population of Polk County, as re-
flected by the last Federal Census, is 17,555 he is
most likely on a fee basis. Assuming this to be true,
his expenses of office are regulated by Section (a)
Article 3899, Revised Civil Statutes of Texas, 1925.
We specifically call your attention to that portion of
Section (a) Article 3899, reading as follows:

"The Commissioners' Court of the county
of the sheriff's residence may, upon the written
and sworn application of the sheriff stating

the necessity therefor, allow one or more
automobiles to be used by the sheriff in the
discharge of his official duties, which, if
purchased by the county, shall be bought in
the manner prescribed by law for the purchase
of supplies and paid for out of the General
Fund of the county and they shall be and re-
main the property of the county. The expense
of maintenance, depreciation and operation of
such automobiles as may be allowed, whether
purchased by the county or owned by the sheriff
or his deputies personally, shall be paid for
by the sheriff and the amount thereof shall
be reported by the sheriff on the report above
mentioned, in the same manner as herein pro-
vided for other expenses."

As will be noted from the above quoted language,
the expense of maintenance, depreciation and operation
of such automobiles allowed the sheriff whether owned
by him personally, his deputies personally or the county
shall be paid for by the sheriff and reported by the
sheriff on the report required by Article 3899.

We fail to find any limitation in Article 3899
or elsewhere in the statutes as to the amount that can
be claimed by the sheriff for maintenance, depreciation
and operation of automobiles. Such Article merely re-
quires that:

"....such expense account shall be sub-
ject to the audit of county auditor, if any,
otherwise by the Commissioners' Court; and
if it appears that any item of such expense
was not incurred by such officer or such item
was not a necessary expense of office, such
item shall be by such auditor or court reject-
ed, in which case the collections of such item
may be adjudicated in any court of competent
jurisdiction."

It is, therefore, the opinion of this Depart-
ment and you are so advised that there is no limitation
upon the amount that a sheriff can claim as expense of

office for maintenance, depreciation and operation of automobiles used in the execution of the duties of his office except that they be "....a necessary expense of office."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL